# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FLORENCE HOWARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-1117–STE |
| | ) |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412. (ECF No. 25) and Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act (ECF No. 28). Specifically, Plaintiff seeks an award of fees in the amount of $5,999.80 (ECF Nos. 25, 28). Defendant objects to any award of fees, arguing that her position was "substantially justified." (ECF No. 23). The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount requested.

### I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's

position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

Once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. *See Hackett v. Barnhart,* 475 F.3d 1166, 1170 (10th Cir. 2007); 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id.* at 1174. The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II.   PLAINTIFF IS THE PREVAILING PARTY

Previously, the undersigned ordered: (1) reversal of the Commissioner's decision denying Plaintiff's applications for supplemental security income and disability insurance benefits, and (2) a remand for further administrative proceedings. (ECF Nos. 23 & 24). With the reversal and remand, Ms. Howard is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

The Court's reversal was based on: (1) the ALJ's improper evaluation of an opinion from treating physician, Dr. Juan Maldonado, (2) the ALJ's failure to evaluate Ms. Howard's anxiety utilizing the regulatory "special technique" used for evaluating mental impairments, and (3) error in the credibility analysis. (ECF No. 23:3-16).

### A. Dr. Maldonado

Treating physician Dr. Maldonado opined that Plaintiff had the ability to:

- stand and walk less than 2 hours during an 8-hour workday,
- sit for 2 hours during an 8-hour workday, and
- occasionally and/or frequently lift and/or carry less than 10 pounds.

(TR. 383). Dr. Maldonado also stated that Ms. Howard's impairment: (1) was likely to interfere with her ability to maintain attention and concentrate for 25% or more of her workday and (2) would likely cause her to be absent from work more than 3 days per month. (TR. 383).

The ALJ only mentioned limitations in Dr. Maldonado's opinion related to Plaintiff's ability to sit, stand, and walk, and ultimately, the ALJ accorded the opinion "little weight," citing three reasons. (TR. 18). As explained in the Court's Memorandum Opinion and Order, the ALJ's reasons for discounting Dr. Maldonado's opinion lacked support in the record. (ECF No. 23:6-7).

On appeal, the Commissioner attempted to justify the ALJ's treatment of Dr. Maldonado's opinion by citing evidence that the ALJ himself had not cited. (ECF No. 17:3-

10). The Court rejected Ms. Berryhill's argument because it relied on *post-hoc* rationales which had not been cited by the ALJ. (ECF No. 23:8).

In arguing that the Commissioner's position was "substantially justified," Ms. Berryhill reiterates the argument she made on appeal, citing various medical records and arguing that as a whole, the records supported the ALJ's treatment of Dr. Maldonado's opinions. (ECF. No. 26:4-6). But as noted by Defendant herself, the Commissioner's decision may be "substantially justified" "if it has a reasonable basis *in law* and fact." (ECF No. 26:3) (emphasis added). A long-standing principal in this Circuit holds that the Court is not permitted to supply *post-hoc* rationales to uphold the Commissioner's decision. *See Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner."). Applying this principal, the Court rejects Ms. Berryhill's argument that her position was "substantially justified" because it does not have a reasonable basis in law.

### B. Plaintiff's Anxiety

The Court also found error in the ALJ's failure to utilize the regulatory "special technique" for evaluating mental impairments in light of evidence that Plaintiff had been diagnosed with anxiety and had been taking prescription medication to treat the condition. (ECF No. 23:9-11).

In support of her argument that her position on appeal was "substantially justified," Ms. Berryhill argues that the Plaintiff failed to allege a mental disorder at the

4

hearing, the record contained only one diagnosis of a mental disorder, and other examinations showed "favorable" mental functional findings." (ECF No. 26:8). These arguments are unavailing, for three reasons. First, Ms. Howard complained of panic attacks in her disability report and also noted that she was taking prescription medication for anxiety. (TR. 234, 236, 252, 257). Second, the one diagnosis of a mental disorder along with evidence that Plaintiff was taking prescription medication to treat the disorder, triggered a legal duty for the ALJ to employ the "special technique." *See George v. Astrue*, 451 F. App'x 767, 768-769 (10th Cir. 2011) (ALJ erred in failing to evaluate plaintiff's mental impairment utilizing the "special technique" when presented with evidence that plaintiff suffered from anxiety and had been prescribed medication). And finally, the ALJ did not rely on "other favorable findings" regarding Plaintiff's mental health, and the Commissioner cannot do so now. *See supra* (discussion regarding *post-hoc* rationalizations).

### C. Credibility Determination

The Court found error because the ALJ had discounted Ms. Howard's subjective allegations by relying only on Plaintiff's daily activities and mischaracterizing those activities. (ECF No. 23:12-16). In defense of the Commissioner's position as "substantially justified," Ms. Berryhill offers two arguments. First, the Commissioner states that the ALJ "expressly and correctly noted objective medical evidence of Plaintiff's physical functioning that did not support the alleged severity of her complaints[.]" (ECF No. 26:8-9). Second, Ms. Berryhill states that the ALJ "expressly noted that treatment for Plaintiff's back pain was somewhat effective." (ECF No. 26:9). Neither argument is convincing.

5

First, Plaintiff does not specify the "objective medical evidence of Plaintiff's physical functioning" that did not support the alleged severity of her complaints which the ALJ had specifically relied on. Second, Ms. Berryhill's argument regarding treatment for Plaintiff's back impairment is misleading. In the opinion, the ALJ stated "On April 23, 2013, the claimant['s] back condition was noted to be 'stable on medications.'" (TR. 18). This is the evidence on which Ms. Berryhill bases her argument regarding "somewhat effective" treatment for Plaintiff's back. (ECF No. 26:9). But the ALJ *did not* state that treatment for Plaintiff's back pain was "somewhat effective"—he simply noted that she was "stable" on medications, without specifying the level of stability. In fact, in his discussion of Plaintiff's credibility, the ALJ specifically wrote: "The claimant stated that injections and prescription pain medication has been ineffective in totally controlling her pain." (TR. 17).

As noted by Ms. Berryhill, her position may be found "substantially justified" "if it has a reasonable basis in law and *fact*." (ECF No. 26:3) (emphasis added). Ms. Berryhill's arguments in defense of the ALJ's credibility determination lack a factual basis and as a result, her position is not "substantially justified."

## IV. AMOUNT OF RECOVERABLE FEE

Ms. Berryhill did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of $5,999.80, calculated as follows: 3.10 hours of work performed by her attorney in 2016 at a rate of $193.00 per hour ($598.30),

and 27.7 hours of work performed by her attorney in 2017 at a rate of $195.00 per hour, ($5,401.50) (ECF No. 25-1 & 28). Mr. Saunders has provided a detailed breakdown of time expended in representing Ms. Howard, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Mr. Saunders has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated March 27, 2017, from the Office of the General Counsel of the Social Security Administration. (ECF No. 25-3). This letter shows that for 2016 and 2017, the authorized maximum hourly rates for attorney work in Oklahoma were $193.00 and $195.00, respectively. (ECF No. 25-3). Thus, Ms. Howard is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided.

The Court therefore finds that the Plaintiff is entitled to a total attorney fee award in the amount of **$5,999.80**. Said fee is payable to the Plaintiff, in care of her attorney, Mr. Saunders. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010) (fee is payable to Plaintiff); *Honeycutt v. Colvin*, No. 13-CV-1243-DDC, 2016 WL 4000930, at *9 (D. Kan. July 26, 2016) (awarding EAJA fees to be made payable to plaintiff in care of plaintiff's counsel). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

The Court **GRANTS** Plaintiff's Motions for Attorney's Fees **(ECF Nos. 25 & 28)** in the amount of **$5,999.80**.

ENTERED on November 22, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE